IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER WAFFENSMITH, | ) | |
| Trustee of the WALTER | ) | |
| WAFFENSMITH | ) | |
| REVOCABLE TRUST, | ) | |
| 12/31/2002, | ) | CIVIL ACTION NO. |
| | ) | 12-00055-CB-B |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID NATHAN MORA, | ) | |
| individually and d/b/a | ) | |
| ELITE YACHT COATINGS, | ) | |
| INC. and GLEN GARDEN, | ) | |
| individually and d/b/a | ) | |
| ELITE YACHT COATINGS, | ) | |
| INC., and ELITE YACHT | ) | |
| COATINGS, INC. | ) | |
| | ) | |
| Defendants, | ) | |

**ORDER**

This matter is before the Court on a motion for partial summary judgment filed by defendant David Nathan Mora d/b/a Elite Yacht Coatings, Inc.[1] (Doc. 42.) Defendant seeks summary judgment on two of the five counts asserted in the Amended Complaint (declaratory judgment and slander of title) and on Plaintiff's demand for attorney's fees. In response (Doc. 44), Plaintiff does not oppose the motion on the slander of title claim, but he argues that there are genuine issues of

---

[1] Whether Elite Yacht Coatings, Inc. exists as a separate legal entity is unclear. According to the Amended Complaint, "it is not known if such entity has any legal existence." (Doc. 24 ¶ 6.) The Answer to the Amended Complaint identifies "the Defendant David Nathan Mora, individually and d/b/a Elite Yacht Coatings" and is signed by counsel on behalf of David Nathan Mora only. (Doc. 41.) For the most part, the summary judgment briefs refer to the two as one defendant. The Court will do the same.

material fact that preclude summary judgment as to the declaratory judgment claim and the demand for attorney's fee. After due consideration of the evidence presented and the applicable law, the Court finds summary judgment is not appropriate as to those claims.

**Facts[2]**

In 2009, Walter Waffensmith, as Trustee of Walter Waffensmith Revocable Trust 12/31/2002 (hereinafter "Waffensmith" or "Plaintiff"), obtained a bid from Nathan Mora and Elite Yacht Coatings, Inc. (hereinafter "Mora" or "Defendant") of Bayou La Batre, Alabama to perform work on Plaintiff's vessel the SUMMER OF '42, including sandblasting, fairing and painting. The SUMMER OF '42 was located in Jacksonville, Florida. Waffensmith resided in Minnesota. Mora had been a professional boat painter for 20 years and started his own business, Elite Yacht Coatings, Inc. in 2005. (Mora Aff. ¶ 2, Def.'s Ex. 1, Doc. 42-1.) Mora learned from his then son-in-law, Glen Garden, that the SUMMER OF '42's owner was looking for someone to perform a paint job. (*Id.* ¶ 3.) Garden was not an employee or owner of Elite but was paid as a consultant to promote the business and to maintain the company's website. (*Id.* ¶ 4.)

Mora never saw the SUMMER OF '42 before submitting a bid. (Mora Dep. 63, Pl.'s Ex C., Doc. 44-1.) He prepared his bid based on photographs and statements made by others regarding the vessel's condition. (Mora Aff. ¶¶ 3-4.) When Garden

---

[2] As the law requires, the facts, and all inferences arising from them, are viewed forth in the light most favorable to the non-moving party. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1182 (11th Cir. 1997). Moreover, only those facts relevant to the summary judgment issues are set out in this order. These, of course, may not be the actual facts adduced at trial. *Id.*

2

told Mora about the job, he said that the vessel was in good structural condition and needed a routine paint job.  (*Id.* ¶3.)  Waffensmith told Mora that the vessel was in good condition and described it as "My Pristine".  (*Id.* ¶ 4.)  Even though Mora "never laid eyes on the vessel" until after the bid was accepted, Garden told Waffensmith in an email that Mora had gone to Jacksonville, Florida, to look at the vessel.  (*Id.* ¶ 7; Mora Dep. 62-63.)

Defendant's initial bid, submitted May 28, 2009, was $49,000.  (Pl.'s Ex. B.) In June 2009, Waffensmith came to Bayou La Batre to discuss the work and the cost.  Waffensmith did not tell Mora about any problems with the vessel.  (Mora Aff. ¶ 5.)  In a June 29, 2009, email to Defendant, Waffensmith questioned whether the bid included all of the necessary work.[3]  (Pl.'s Ex. B.)  On that same date, Defendant emailed Waffensmith a revised bid of $51,000, with an estimated 12-week timeframe for completion.  (*Id.*)  Waffensmith accepted the bid, the vessel was moved from Jacksonville to Bayou La Batre, and work commenced in July 2009.  (Mora Aff. ¶ 7.)

The work did not go as expected because the vessel had problems that Defendant had not anticipated.  These problems required additional work that Defendant believed was outside the scope of the contract.  (*Id.* ¶¶ 9, 13-15, 27.)  Defendant worked on the vessel for approximately 6 months, at which point Plaintiff hired other contractors to finish the job.  (*Id.* 31-32.)  Defendant asserts that Plaintiff

---

[3] Specifically, Waffensmith was "concerned that we are not all talking about the same project" and pointed out that other bidders "were concerned about rust along vertical walls that might go below the deck line."  He did not know if "[p]erhaps the others were jerking [him] . . . or perhaps they know of think something needs to be done and you don't agree."  (Pl.'s Ex. B, Doc. 44-1.)

3

authorized the additional work, but Plaintiff disputes this assertion.[4]  Mora estimates that Defendant is owed approximately $101,826 for additional work on Plaintiff's vessel. (Mora Aff., Doc. 42-1, ¶ 42.)  In June 2011, Defendant filed a Notice of Claim of Lien against the SUMMER OF '42 in the amount of $95,697.36.[5] (Pl.'s Ex. E, Doc. 44-1.)

On January 30, 2012, Waffensmith filed the instant action in admiralty and in personam against David N. Mora, Elite Yacht Coatings, Inc. and Glen Garden.[6]  The complaint was subsequently amended to substitute "Walter Waffensmith, as Trustee of Walter Waffensmith Revocable Trust 12/31/2002" as plaintiff in place of Walter Waffensmith, individually.  The Amended Complaint asserts claims for breach of contract, negligence, breach of warranty (Counts 1- 3) and slander of title (Count 5).  Plaintiff also seeks a declaratory judgment (Count 4) that the maritime lien filed by Defendants "against the M/V SUMMER OF '42 was filed in bad faith, is void, invalid and of no effect" and that the lien be removed.  Finally, Plaintiff seeks recovery of attorney's fees pursuant to 46 U.S.C. § 31343(c)(2).  Defendant has filed a counterclaim against Plaintiff to recover payment for work performed on the vessel.

---

[4] Plaintiff cites Waffensmith's deposition testimony as evidence that Plaintiff did not authorize anything beyond the agreement (Pl.'s Ex. H, Doc. 44-1), but Defendants argue that the cited testimony is insufficient.  The Court, for reasons discussed *infra* at 7, finds this evidence is sufficient for summary judgment purposes.

[5] It is not clear to the Court why lien amount is different from the amount Mora claims he is owed.  Furthermore, the figures provided in Mora's affidavit do not appear to take into account payments made by the Plaintiff.  These apparent inconsistencies are simply a matter of curiosity and have no impact on the outcome of the summary judgment motion.

[6] It appears that Garden has never been served.

**Summary Judgment Standard**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  On summary judgment review, "the facts--as supported by the evidence in the record--and reasonable inferences from those facts" must be viewed in the light most favorable to the nonmoving party.  *Young v. City of Palm Bay, Florida*, 358 F.3d 859, 860 (11th Cir. 2004).

**Legal Analysis**

### *Declaratory Judgment/Maritime Lien*

In his summary judgment motion, Defendant asserts that Plaintiff cannot maintain a declaratory judgment claim because "[a]s a contractor who provided repair services to the MV Summer of 42, and was not fully paid for his services, Defendant has a maritime lien against the vessel." (Def.'s Brf., Doc. 42-7, 3.)  Under the maritime lien statutes, "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner. . . has a maritime lien on the vessel; [ ] may bring a civil action in rem to enforce the lien, and [ ]is not required to allege or prove in the action that credit was given to the vessel."  42 U.S.C. § 31342.

But a vessel owner has the right to seek a declaratory judgment that the vessel is not subject to the lien.

> The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties.

46 U.S.C. § 31343(c)(2).  The maritime lien statutes create a presumption in favor of the supplier or contractor, so that the owner has the burden to show the services were not authorized.  *See Belcher Oil Co. v. M/V Gardenia*, 766 F.2d 1508, 1513 (11th Cir. 1985).

In response to the summary judgment motion, Plaintiff points to his own deposition testimony as evidence that he did not authorize additional work:

> Q    Okay.  Looking at your email to Vickie on the 26th.
>
> A    (Witness examines the document.)
>
> Q    The one at the top.  And you say you never authorized him to do anything beyond that agreement.  That's your position.
>
> A    Yeah.
>
> Q    Okay.  And so what did you – When you received the invoice back on the 19th or the 20th, this is six days later, your response was to tell him that you'd never authorized any additional work?
>
> A    Yeah.  Particularly not without talking about it ahead of time, yeah.

(Waffensmith Dep. 126, Pl.'s Ex. H, Doc. 44-1.)

Defendant contends that this evidence does not create an issue of fact, though it is not clear why.  The argument is as follows:

> The Plaintiff has not contested Defendant's statement that he notified the Plaintiff about the need for the repairs nor has he denied that Plaintiff responded [by telling him to "fix it"]. Instead the Plaintiff merely points out that, in his own deposition, the Plaintiff answered affirmatively when asked whether it was his po[si]tion that he never authorized the Defendant to do anything beyond the contractual allegation. This allegation is insufficient to defeat summary judgment.

(Def.'s Reply Brf. 9, Doc. 45.) Defendant next cites several cases in support of the well-established summary judgment rule that once the moving party has met its burden on summary judgment the nonmoving party cannot rely on mere allegation but must offer evidence to support its claim.[7] Here, Plaintiff has met this burden. Plaintiff has offered deposition testimony, which is an acceptable method of supporting a factual position on summary judgment. *See* Fed. R Civ. P. 56(c)(1)(A)("party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions…"). Defendant's argument may be that Plaintiff's deposition testimony does not actually refute Mora's affidavit testimony because Plaintiff did not specifically deny that he told Mora to "fix it" when Mora told him about the needed repairs. If so, it is not a winning argument. Plaintiff's deposition testimony (i.e., his position that he never authorized the any work beyond the contract) certainly can be interpreted as a denial. Therefore, this evidence creates a genuine

---

[7] In each of the cases cited by Defendant, the nonmoving party had *offered no evidence* to refute evidence presented in support of the summary judgment motion. *See, e.g. Westcap Government Securities, Inc. v. Homestead Air Force Base Fed. Credit Union*, 697 F.2d 911 (11th Cir. 1983) (only evidence on point was moving party's "uncontroverted affidavit"); *In re Royal Caribbean Cruises Ltd.*, 403 F. Supp. 2d 1168, 1173 (S.D. Fla. 2008) (nonmoving party "failed to put forth any evidence" to refute affidavit submitted by moving party); *Gantt v. Whirlpool Fin. Nat'l Bank*, 2000 WL 1375298 (S.D. Ala. Aug. 22, 2000) (plaintiff failed to come forward with evidence to refute defendant's affidavit).

issue of material fact. *See Hunt v. Cromartie*, 526 U.S. 541 (1999) (summary judgment inappropriate where evidence is susceptible to different interpretations or inferences).

### *Attorney's Fees*

Defendants argue that Plaintiff will not be entitled to an award of attorney's fees even if Plaintiff prevails because Defendant's position in this action is "substantially justified." In an action to declare that a vessel is not subject to a lien, [t]he court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust." 46 U.S.C. § 31343(c)(2). Defendant is not entitled to summary judgment on this issue because the factual basis for this argument is disputed. Defendant argues that "Defendant provided necessaries to the Plaintiff's vessel on the authority of the Plaintiff . . . Therefore, Defendant had a reasonable belief in law and fact for recording the maritime lien." (Def.'s Reply Brf. 8, Doc 45.) As discussed, *supra* at 7-8, it is disputed whether Plaintiff gave authority to provide the additional work on which the lien is apparently based. Consequently, the Court cannot say, based upon the summary judgment record, that Defendant's position was substantially justified.

**Conclusion**

For the reasons discussed above, the Defendant's motion for summary judgment is **DENIED**, in part, with respect to Plaintiff's declaratory judgment claim (Count 4) and Plaintiff's request for attorney's fees. Because Plaintiff has conceded

the slander of title claim (Count 5), summary judgment is **GRANTED**, in part, with respect to that claim.

**DONE** and **ORDERED** this the 8th day of April, 2013.

**s/***Charles R. Butler, Jr.*
**Senior United States District Judge**
